UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DIANNA J. CALEY, an individual,

    Plaintiff,

    v.

JAMES D. DANNEN, SALLIE MAE, INC., and TEXAS GUARANTEED STUDENT LOAN CORPORATION,

    Defendants.

Case No. C08-5345 FDB

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT OF DEFENDANTS SALLIE MAE, INC., AND TEXAS GUARANTEED STUDENT LOAN CORPORATION AND REMANDING TO STATE COURT REMAINING CLAIMS AGAINST DEFENDANT JAMES DANNEN

    This matter comes before the Court on motions for summary judgment by Defendants Sallie Mae, Inc., and Texas Guaranteed Student Loan Corporation seeking dismissal of Plaintiff's claims against these Defendants in their entirety. The Court, having considered the pleadings filed in support and in opposition, is fully informed and hereby grants the motions for summary judgment and dismisses the claims against these Defendants, with prejudice.

**Introduction and Background**

    The Defendants removed this lawsuit to this Court on the basis of federal question

ORDER - 1

jurisdiction. The action relates to a consolidated student loan and the conduct of Sallie Mae and Texas Guaranteed Student Loan Corporation (Texas Guaranteed) in servicing the loan. The amended complaint sets forth three causes of action against Sallie Mae and Texas Guaranteed: (1) breached the student loan contract, (2) failure to disclose that Plaintiff was assuming the responsibility of the debts of Co-Defendant James Dannen in executing the consolidated loan, and (3) failure to place the loan in forbearance. Plaintiff also asserts an additional claim against Defendant Sallie Mae for violation of the automatic stay provisions of the bankruptcy code, 11 U.S.C. § 362.

Plaintiff Dianna Caley married Defendant James Dannen in December, 1993. Both the Plaintiff and Mr. Dannen entered the marriage with student loan debt. In the summer of 1995, the Plaintiff and Mr. Dannen consolidated their student loan debt through Sallie Mae. In order to consolidate the student loan debt, Plaintiff and Mr. Dannen executed a promissory note by which they undertook the obligation to repay the consolidated loan. This promissory note included an addendum which contains the following provision:

> We [Plaintiff and Mr. Dannen] are legally married to each other and we understand and agree that we are and will continue to be jointly and severally liable for the entire amount of the debt represented by this consolidated loan without regard to the amounts of our individual loan obligations and that are consolidated and without regard to any subsequent change that may occur in our marital status. We understand that this means that one of us may be required to pay the entire amount due if the other is unable to or refuses to pay.

The signatures of both Mr. Dannen and Plaintiff appear on the addendum following this language and Plaintiff acknowledges that the documents indicate that she and Mr. Dannen would be jointly and severally liable on the loans.

The Plaintiff and Mr. Dannen requested, and Sallie Mae approved, a number of forbearance periods while it owned the loan. The first two forbearance periods were as follows: February 25, 1996 – August 24, 1996; and August 25, 1996 – February 24, 1997.

ORDER - 2

Plaintiff and Mr. Dannen divorced in 1998. The terms of the divorce provided that each divorcing spouse was responsible for paying off the portion of the Sallie Mae loan that represented their respective student loan debt. Subsequent to the dissolution the parties jointly requested a third forbearance. Sallie Mae granted this forbearance from May 25, 2003 – May 24, 2004. Shortly thereafter, Plaintiff and Mr. Dannen defaulted on the loan.

On June 8, 2005, Sallie Mae filed a claim with the loan's guarantor, Texas Guaranteed, requesting that it honor its guaranty of payment on the defaulted loan. The claim was accepted Texas Guaranteed made payment on the defaulted loan and Sallie Mae assigned the consolidated loan to Texas Guaranteed. Due to default , payment of the loan by Texas Guaranteed, and the assignment of the loan to Texas Guaranteed, the debtors were no longer entitled to obtain a forbearance of the loan payment obligations.

On October 3, 2005, Plaintiff filed for Chapter 7 bankruptcy. The debtor was discharged in January, 2006. Plaintiff indicates that she has made some payments to Texas Guaranteed, but remains in default. Plaintiff also states that she has talked to Texas Guarantee representatives on several occasions and that they indicated that they were pursuing her only on the default.

Plaintiff then commence this lawsuit seeking damages and release form the loan contract.

**Summary Judgment Standards**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material

ORDER - 3

fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id., at 324. Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Anderson, at 248. All reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., at 630.

In response to Defendants' motions for summary judgment motion, Plaintiff contends there has not been adequate time for discovery and summary judgment is improper at this time. Plaintiff asserts additional time for discovery is necessary to substantiate her claims.

Federal Rule of Civil Procedure 56(f) allows the Court to deny or continue a motion for summary judgment if the defending party shows by affidavit that it is unable to properly defend against the motion. Fed. R. Civ. P. 56(f). The party seeking such a continuance must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129-1130 (9th Cir. 2004). The Court may deny the request unless the party opposing summary judgment articulates how additional discovery may preclude summary judgment and demonstrates diligence in pursuing discovery thus far. Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir. 1994). The burden is on the nonmoving party to establish that additional discovery would produce evidence sufficient to defeat summary judgment and that the evidence it seeks is in existence. Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n. 6 (9th Cir.2001). Here, Plaintiff has failed to submit a showing that she is unable to properly defend against Defendants' summary judgment motions. Moreover, Plaintiff has failed to specifically identify the relevant information she seeks, and the basis for believing that the information sought actually exists. Finally, Plaintiff has failed to demonstrate that she has been

ORDER - 4

diligent in pursuing discovery thus far, as illustrated by the failure to conduct any pertinent discovery in the six months since the filing of the amended complaint. Plaintiff's request for a denial or continuance of the summary judgment motions should be denied.

**Loan Default and Claims Relating to Bankruptcy**

Plaintiff's amended complaint concedes that the student loan is currently in default and that interest and collection fees have been assessed. The complaint further alleges that Defendant Sallie Mae placed the loan in default while Plaintiff was in Chapter 7 bankruptcy proceedings. Plaintiff claims that the placement of the loan into default violated the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362.

Contrary to the assertions in Plaintiff's complaint, the uncontested evidence is that Plaintiff filed the Chapter 7 bankruptcy petition on October 3, 2005. The claim for default was filed with the loan guarantor, Texas Guaranteed, on June 8, 2005, approximately four months prior to the bankruptcy filing. The loan was in default prior to the bankruptcy filing and thus, the placement into default did not violate any automatic stay arising out of the bankruptcy filing.

Student loans may not be discharged in Chapter 7 except for the one narrow circumstance when excepting such debt from discharge would impose an undue hardship on the debtor and the debtor's dependents. 11 U.S.C.A. § 523(a)(8). This exemption from discharge includes debts on consolidated student loans. See In re Lawson, 256 B.R. 512 (Bkrtcy. M.D. Fla. 2000); In re Garelli, 162 B.R. 552 (Bkrtcy. D. Or. 1994). To prove "undue hardship," a debtor seeking discharge of student loan debt must establish three elements: (1) the debtor cannot maintain, based on current income and expenses, a minimal standard of living if forced to repay the loans, (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans, and (3) the debtor has made good faith efforts to repay the loans. 11 U.S.C.A. § 523(a)(8); In re Mersmann, 505 F.3d 1033, 1043 (10th Cir. 2007). Under the Bankruptcy Rules, the debtor must prove the elements of "undue hardship" in an

ORDER - 5

adversary proceeding. Id.; Fed. R. Bankr. P. 7001(6). Unless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt. Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 450 (2004); In re Hoxie, 370 B.R. 288, 292-93 (S.D. Cal. 2006).

As noted in In re Bayhi, 528 F.3d 939 (5th Cir. 2008), a discharge in Chapter 7 bankruptcy does not release a debtor form her joint and several consolidated student loan debt to Sallie Mae, as this debt is exempted from discharge by § 523(a)(8) of the Bankruptcy Code. Id., at 399. "Pre-petition, the [l]oan was a [joint and several] obligation of the parties and remains so post-petition; so Sallie Mae always had, and continues have, the right to demand the whole performance from either [co-signee]." Id., at 404.

Plaintiff has not established a discharge of the consolidated student loan in her bankruptcy proceedings. No evidence has been presented that the bankruptcy court discharged the consolidated loan debt subsequent to an adversary proceeding wherein the debtor Plaintiff established undue hardship. Accordingly, the consolidated loan debt was not discharged. Sallie Mae, and subsequently Texas Guaranteed, have the right to demand full performance form either Plaintiff, Mr. Dannen, or both.

Additionally, creditors may accrue postpetition interest on non-dischargeable debts while bankruptcy is pending, and interest may accrue on non-dischargeable student loans during pendency of bankruptcy proceedings. See Leeper v. Pennsylvania Higher Educ. Assistance Agency, 49 F.3d 98, 102-03 (3rd Cir. 1995). Thus, Plaintiff is not entitled discharge of fees and interest accrued during the pendency of the bankruptcy proceeding.

Plaintiff's claims relating to bankruptcy are without merit and Defendant Sallie Mae is entitled to summary judgment of dismissal of these claims.

**Breach of Contract Claims**

ORDER - 6

Plaintiff claims that the Defendants Sallie Mae and Texas Guaranteed breached the contract set forth in the promissory note by holding Plaintiff solely responsible for the debt of the cosigner, Defendant James Dannen. Plaintiff claims that she has paid her portion of the consolidated loan and the duty of good faith and fair dealing requires Defendants Sallie Mae and Texas Guaranteed to make attempts to collect from Defendant Dannen his portion of the student loan debt. Defendant James Dannen has refused or is unable to pay the debt. Plaintiff also claims Defendants failed to disclose in the contract that Plaintiff was assuming sole responsibility for the debts of the co-maker, James Dannen.

The promissory note signed by Plaintiff and James Dannen states:

> We [Plaintiff and Mr. Dannen] are legally married to each other and we understand and agree that we are and will continue to be jointly and severally liable for the entire amount of the debt represented by this consolidated loan without regard to the amounts of our individual loan obligations and that are consolidated and without regard to any subsequent change that may occur in our marital status. We understand that this means that one of us may be required to pay the entire amount due if the other is unable to or refuses to pay.

The language is clear and unambiguous. The Plaintiff and Mr. Dannen are severally, as well as jointly, liable for the entire amount of the consolidated loan debt. See, Household Finance Corporation of Sioux Falls v. Smith, 70 Wn.2d 401, 403-04 (1967). Plaintiff cannot establish that there was a lack of disclosure or understanding as to her several obligation to pay the consolidated loan.

In Skagit State Bank v. Rasmussen, 109 Wn.2d 377 (1987) the debtor signed a promissory note attached to loan documents stating that "[a]ll of the obligations contained herein shall be considered joint and several obligations of each signer hereof. The signature of a married man or a married woman on this note shall constitute his or her consent that his or her separate property as well as the community property is liable for the debt obligations evidenced hereby." Id., at 382.

ORDER - 7

Rejecting the debtors assertion that he did not understand the legal meaning of his obligation, the court states: "It is a general rule that a party to a contract which he has voluntarily signed will not be heard to declare that he did not read it, or was ignorant of its contents. One cannot, in the absence of fraud, deceit or coercion be heard to repudiate his own signature voluntarily and knowingly fixed to an instrument whose contents he was in law bound to understand." Id., at 381 (citations omitted). Further, the court states that "[w]e have always held that a party whose rights rest upon a written instrument which is plain and unambiguous, and who has read or had the opportunity to read the instrument, cannot claim to have been misled concerning its contents or to be ignorant of what is provided therein." Id.

Here, even the most casual reading of the promissory note reveals its legal effect. Plaintiff cannot avoid several liability on the basis of non-disclosure of the legal effect of this provision or on the basis that she has paid her potion of the loan obligations.

In re Bayhi, 528 F.3d 939 (5th Cir. 2008) demonstrates these principles. In Bayhi, like the present case, a married couple consolidated student loans held by Sallie Mae. The consolidated loans created a community obligation and a joint and several obligation of both spouses for the entirety of the loan. The Fifth Circuit noted that the nature of this joint and several liability: "As the obligee of the joint and several co-obligors, Sallie Mae could demand full performance on the loan obligation from either party or from both." Id., at 397. Whether pre-petition or post-petition "Sallie Mae always had, and continues to have, the right to demand the whole performance from either [party]." Id., at 404.

Plaintiff's avenue for relief arises under Washington common law and pursuant to her dissolution decree with the right to compel contribution by Mr. Dannen to the extent of the Plaintiff's payment of Mr. Dannen's loan obligations.

Defendants Sallie Mae and Texas Guaranteed are entitled to summary judgment on the breach of contract claims.

ORDER - 8

**Denial of Forbearance or Rehabilitation Claim**

Plaintiff asserts that Sallie Mae has written policies that, if met, will grant the borrower "forbearance" of the consolidated loan obligations. Plaintiff further asserts that Texas Guaranteed has a similar program permitting "rehabilitation" of the defaulted loan. As recognized by Plaintiff, essential to both these programs is the participation of the co-obligor, Mr. Dannen. Other than the previous three periods of forbearance, Mr. Dannen has not joined in Plaintiff's subsequent requests for forbearance or rehabilitation. Additionally, upon default, Texas Guaranteed made payment on its guaranty to Sallie Mae and was assigned the loan. Accordingly, Sallie Mae no longer holds the loan and forbearance is unavailable through Sallie Mae.

Plaintiff's allegations of a breach of good faith in failing to provide a forbearance or rehabilitation of the loan also is without merit. There can be no breach of the duty of good faith when a party simply stands on its rights to require performance of a contract according to its terms. Badgett v. Security State Bank, 116 Wn2d 563, 570 (1991).

Plaintiff, in opposing summary judgment, must present significant and probative evidence to support her claim. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). Legal memoranda are not evidence and do not create issues of fact. British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987). Plaintiff has failed to raise a genuine issue of material fact that either Sallie Mae or Texas Guaranteed had a legal obligation to provide a forbearance or rehabilitation of the consolidated student loan.

Defendants Sallie Mae or Texas Guaranteed are entitled to summary judgment on the

ORDER - 9

forbearance/rehabilitation claim.[1]

**Remand of Remaining Claims Against Defendant Dannen**

Plaintiff asserts against Defendant James Dannen a common law claim for contribution for amounts she has paid on his loan obligations, a claim for enforcement of provisions of the decree of dissolution, and a request that the Court make a division of a marital debt not considered in the dissolution decree.

The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a). Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims where the court has dismissed all claims over which it has original jurisdiction. Voigt v. Savell, 70 F.3d 1552, 1565 (9th Cir. 1995). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988). The balance of factors generally indicates that a case belongs in state court when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain. Id. That the balance further tips toward a state court determination is evidenced by the inclusion of the domestic relations issues in Plaintiff's state law claims. See Csibi v. Fustos, 670 F.2d 134 (9th Cir. 1982).

Here, the federal claims asserted by Plaintiff are being dismissed prior to trial. Because the Court is able to decide Plaintiffs' federal claim without reaching the issues underlying Plaintiff's state-law claims remaining in this case, the Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Acri v. Varian Assocs., Inc., 114

---

[1]To the extent Plaintiff's Amended Complaint may be construed to allege additional claims, such as a violation of due process, they are dismissed as unsupported by any evidence of material fact.

ORDER - 10

F.3d 999, 1001 (9th Cir. 1997). The action will be remanded to state court for consideration of Plaintiff's claims against the remaining Defendant James Dannen.

**Conclusion**

For the above stated reasons Defendants Sallie Mae or Texas Guaranteed are entitled to summary judgment dismissing Plaintiff's claims against them. The remaining supplemental claims asserted against Defendant James Dannen are remanded to state court.

ACCORDINGLY;

IT IS ORDERED:

(1) Defendant Texas Guaranteed Student Loan Corporation's Motion for Summary Judgment [Dkt. #10] is **GRANTED**.

(2) Defendant Sallie Mae Inc.'s Motion for Summary Judgment [Dkt. #13] is **GRANTED**.

(3) Plaintiff's remaining claims against Defendant James Dannen are REMANDED to Pierce County Superior Court.

DATED this 4th day of November, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 11